## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH M. ANDREWS (#7700006906) | CIVIL ACTION NO. |
| VERSUS | 21-84-SDD-SDJ |
| MARGIE OHMER | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 20, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOSEPH M. ANDREWS (#7700006906)     CIVIL ACTION NO.

VERSUS     21-84-SDD-SDJ

MARGIE OHMER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Joseph M. Andrews, who is representing himself and is confined at the Livingston Parish Detention Center in Livingston, Louisiana, instituted this action pursuant to 42 U.S.C. § 1983 against Margie Ohmer.[1] Plaintiff seeks monetary relief.[2] Plaintiff's allegations are nonsensical, as discussed below, and fail to state any claim, so the undersigned recommends dismissal of this matter pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted permission to proceed without prepaying the filing fee ("*in forma pauperis*"). Under 28 U.S.C. § 1915A, this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been granted permission to proceed without prepaying the filing fee.[3] Both statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

---

[1] R. Doc. 3.
[2] R. Doc. 3, p. 5.
[3] Plaintiff was granted permission to proceed *in forma pauperis* on March 24, 2021. R. Doc. 5. Accordingly, both statutes apply.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[4] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[7]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] This means the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[12]

---

[4] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[6] *Denton,* 504 U.S. at 32.
[7] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[8] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[9] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Id.*
[12] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's claims are wholly frivolous. Federal courts lack power to entertain claims that are "wholly insubstantial and frivolous."[13] "Determining whether a claim is wholly insubstantial and frivolous requires asking whether it is obviously without merit or whether the claim's unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject."[14]

Plaintiff's has alleged that he was "committed" because of a suicide note written to his mother, and that, while in the hospital, he "exorcised a demon and exposed the Church of Satan and secret Government on Facebook."[15] Plaintiff also alleges that his mother has been slandering him because "she is affiliated with the occult."[16]

As there is clearly no basis for any constitutional claim in Plaintiff's allegations, it is improper to try to further decipher what claims Plaintiff may be trying to bring because "to do so might suggest that these arguments have some colorable merit."[17]

---

[13] *Atkapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019), (quoting *Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974)).
[14] *Id.* (internal quotation marks and citations omitted).
[15] R. Doc. 3, p. 4.
[16] R. Doc. 3, p. 4.
[17] *Atakapa Indian Creole Nation*, 943 F.3d at 1007, *quoting Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984) (*per curiam*).

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[18] and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on October 20, 2021.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the dismissal will count as a strike.